IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**JANE BAUM,** individually and dba
VIEWCREST FARMS, LLC,

        Plaintiff,

v.

**COLUMBIA COUNTY,** a political subdivision of the State of Oregon; **ANTHONY HYDE,** Columbia County Commissioner; **EARL FISHER,** Columbia County Commissioner; **HENRY HEIMULLER,** Columbia County Commissioner; **JEFFERY DICKERSON,** Columbia County Sheriff; and **OREGON HUMANE SOCIETY,** a private nonprofit organization,

        Defendants.

No. 3:16-cv-00597-MO

OPINION

**MOSMAN, J.**,

        On January 17, 2017, I DENIED Ms. Baum's Motion for Attorney Fees, Expenses, and Costs [61] and Bill of Costs [59]. This Opinion explains my decision.

## DISCUSSION

        On October 3, 2016, I held oral argument on Defendant OHS's Motion to Enforce Settlement Agreement and Alternative Motion to Dismiss [19]. Although I GRANTED OHS's Alternative Motion to Dismiss with leave to amend [54], I DENIED OHS's Motion to Enforce

1 – OPINION

Settlement Agreement ("Motion to Enforce") [54] because OHS failed to show that Mr. Duckler had actual authority to enter the agreement. Following the hearing, Ms. Baum filed her Motion for Attorney Fees, Expenses, and Costs, arguing that she was the prevailing party on OHS's Motion to Enforce and was, therefore, entitled to reimbursement.

Ms. Baum based her Motion on Federal Rule of Civil Procedure 54(d), Oregon Revised Statute 20.083, and a provision of the alleged settlement agreement ("Paragraph 5"). According to Paragraph 5:

> In the event any party to this Agreement brings a suit or action against the other Party to enforce any obligation arising under this Agreement, the prevailing Party shall be awarded its reasonable attorney fees resulting from judicial intervention-including, but not limited to, arbitration, trial or on appeal-in addition to such other relief as the prevailing party would be entitled to under law.

Her argument, however, suffered from several flaws, each of which supported denial of the Motion.[1]

## I.    Timeliness of the Motion

Federal Rule of Civil Procedure 54(d) allows a prevailing party to recover costs and fees after the entry of judgment. Fed. R. Civ. P. 54(d). My order on OHS's Motion to Enforce was not a judgment as contemplated by Rule 54(d). Indeed, no judgment has been entered in this case. As such, Ms. Baum's Motion pursuant to Rule 54(d) was premature.

That being said, district courts can award interim fees to prevailing parties in certain circumstances. *See, e.g.*, *Gates v. Rowland*, 39 F.3d 1439, 1450 (9th Cir. 1994) (recognizing that interim fee awards can be made under 42 U.S.C. § 1988); *Rosenfeld v. United States*, 859 F.2d 717, 724 (9th Cir. 1988) (holding that interim fees are available to FOIA litigants under 5 U.S.C. § 552(a)(4)(E)). Here, Ms. Baum based her claim for interim fees on Paragraph 5, a provision of

---

[1] The parties also argued about whether the amount of the fees was reasonable. Because I ultimately concluded that Ms. Baum was not entitled to fees at all, there is no need to discuss whether the claimed fee amount was reasonable.

2 – OPINION

the alleged settlement agreement, rather than a statutory provision. Because I concluded that her claim for fees under Paragraph 5 was invalid, however, there was also no basis for an award of interim fees in this case.

### II.  Conferral in Satisfaction of Local Rule 7-1

Local Rule 7-1 states: "When conferring about a dispositive motion, the parties must discuss each claim, defense, or issue that is the subject of the proposed motion." D. Or. R. 7-1(a)(2). If parties fail to comply with this requirement, the Court has discretion to deny the motion. D. Or. R. 7-1(a)(3); *see also Paatalo v. JPMorgan Chase Bank*, No. 6:15-cv-01420-AA, 2016 WL 4708539, at *3-4 (D. Or. September 7, 2016) (finding that a three-sentence email was insufficient to meet the conferral standard and admonishing the plaintiff's counsel to comply with the standard in the future).

Here, Ms. Baum's counsel left a voicemail message with OHS's counsel, seeking to confer about the present Motion. OHS's counsel responded by email that she was out of town and asked for an email outlining Ms. Baum's position. Ms. Baum's counsel sent a one-sentence reply, indicating that Ms. Baum intended to "seek attorney fees based on [P]aragraph 5 of the settlement agreement, as well as FRCP 54 and ORS 20.083." This communication between the parties did not satisfy the conferral standard under Local Rule 7-1. Ms. Baum's counsel notified OHS of the general basis for the Motion, but the parties did not "discuss each claim, defense, or issue" in the Motion. This failure to meet the conferral standard, by itself, was not necessarily the reason I denied the Motion. But, Ms. Baum's counsel would be wise to make a more substantial effort to comply with Local Rule 7-1 in the future.

### III.  Recovering Fees Under the Provision in the Alleged Settlement Agreement

I looked to Oregon state law to determine whether Ms. Baum was entitled to fees on the

basis of Paragraph 5. *See Northon v. Rule*, 637 F.3d 937, 938 (9th Cir. 2011) ("State laws awarding attorneys' fees are generally considered to be substantive laws under the *Erie* doctrine and apply to actions pending in federal district court when the fee award is 'connected to the substance of the case.'" (citation omitted)). Under Oregon law:

> A prevailing party in a civil action relating to an express or implied contract is entitled to an award of attorney fees that is authorized by the terms of the contract or by statute, even though the party prevails by reason of a claim or defense asserting that the contract is in whole or part void, a claim or defense asserting that the contract is unenforceable or a claim or defense asserting that the prevailing party was not a party to the contract.

Or. Rev. Stat. Ann. § 20.083 (West 2016); *see also A&E Sec. and Elec. Solutions, Inc. v. Fortalese, Inc.*, 290 P.3d 861 (Or. App. 2012) (finding that § 20.083 applies "even when a party prevails in a contract action by obtaining rescission of the contract"). This statute does not apply, however, if a court finds that a contract never even existed between the parties. *Dess Props. LLC v. Sheridan Truck & Heavy Equip., LLC*, 185 P.3d 1113, 1116 (Or. App. 2008) (holding that the phrase "void contract" in the statute does not include nonexistent contracts).

Ms. Baum did not dispute the status of the law. Instead, she argued that, unlike the court in *Dess Properties*, I found "there was an agreement between the parties but that it was not enforceable due to a lack of authority by [Ms. Baum's] former counsel." Ms. Baum's position on this Motion was puzzling because it was in direct opposition to the position she took on OHS's Motion to Enforce. In her response to the Motion to Enforce, Ms. Baum argued that "there was no completed agreement to enforce." She also stated that "[n]o complete settlement agreement exist[ed] as a matter of law." Thus, at one point, Ms. Baum argued a position that undermined her arguments in favor of the current Motion.

In any event, Ms. Baum misinterpreted my ruling regarding the settlement agreement. At the hearing on October 3, I found that a settlement agreement existed if Mr. Duckler had actual

4 – OPINION

authority to enter the agreement on Ms. Baum's behalf. Because Mr. Duckler did not have this authority, I found that no agreement actually existed between the parties. *See E. Cnty. Recycling, Inc. v. Pneumatic Const., Inc.*, 167 P.3d 464, 470 (Or. App. 2007) ("An express warranty is contractual in nature; it must be made by someone with authority to bind the warrantor."). As such, § 20.083 did not apply in this case, and Ms. Baum was not entitled to fees on the basis of Paragraph 5.

## CONCLUSION

For the reasons stated above, I DENIED Ms. Baum's Motion for Attorney Fees, Expenses, and Costs [61]. This Opinion does nothing to upset my previous ruling but merely serves as an explanation of my decision.

DATED this  27  day of January, 2017.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge

5 – OPINION